389 So.2d 339 (1980)
David Ansgar NYBERG, Appellant,
v.
STATE of Florida, Appellee.
No. 80-591.
District Court of Appeal of Florida, Second District.
October 24, 1980.
Baya Harrison, III, of Fuller & Johnson, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Chief Judge.
This case presents the issue of whether the trial court must impose a mandatory sentence on a defendant convicted of first degree murder once he is recommitted to the court upon completion of treatment as a mentally disordered sex offender.
A jury found David A. Nyberg guilty of first degree murder. The court sentenced *340 him to life imprisonment without eligibility for parole for twenty-five years as required by section 775.082(1), Florida Statutes (1975). Upon reconsideration the court classified Nyberg as a mentally disordered sex offender under chapter 917, Florida Statutes (1975), and he received treatment at the Florida State Hospital. Upon Nyberg's release the court, over his objection, concluded that it was required to reimpose the life sentence with the twenty-five year mandatory provision in accordance with section 775.082(1), Florida Statutes (1975).
Nyberg here argues that the court failed to recognize that it had the option of either suspending the sentence and placing him on probation, or sentencing him to a term without reference to the mandatory term required by section 775.082 under sections 917.011(1)(a) and (b). We disagree.
Section 917.011, Florida Statutes (1979), provides:
(1) Upon completion of the treatment program, the Department of Health and Rehabilitative Services shall return those mentally disordered sex offenders committed to its custody pursuant to this chapter, as this chapter existed prior to July 1, 1979, to the committing court for recommencement of criminal proceedings. The court shall have the following alternatives for disposition of such offenders:
(a) The court may suspend the sentence of the offender and place the offender on probation subject to such terms and conditions as provided in s. 917.016.
(b) The court may sentence the offender and commit him to the custody of the Department of Corrections.
(c) The court may make any other suitable disposition of the offender as provided by law.
(2) The provisions of this section shall stand repealed on July 1, 1981.
While section 917.011 enumerates several sentencing options, we think that these options are not available to the trial court following an offender's release unless they were available prior to the offender's classification as a mentally disordered sex offender. This is the meaning of subsection (c), which states the option of "any other suitable disposition ... as provided by law" (emphasis added). In other words, if a crime carries with it a mandatory sentence, the court must still impose the mandatory sentence. In the present case the trial court did not have any choice initially but to impose the mandatory minimum sentence under section 775.082(1). Thus, after Nyberg's release from the Florida State Hospital, it still had to impose the mandatory minimum sentence.
Accordingly, we affirm.
GRIMES and CAMPBELL, JJ., concur.