406 So.2d 1222 (1981)
Raymond LEARY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-2177.
District Court of Appeal of Florida, Fourth District.
December 2, 1981.
Rehearing Denied December 23, 1981.
Richard L. Jorandby, Public Defender, and Robert E. Adler, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Debra J. Koury was driving to work alone, in West Palm Beach, early one morning and stopped at a service station. She was approached by appellant, Raymond Leary, who told her that his car had broken down and he needed a ride. She obliged and a short time later Leary asked her to stop the car and let him out. She did so whereupon Leary began slapping her in the face. She ultimately succeeded in exiting the car and ran around to its rear while Leary demanded that she get back in the car. She approached a passerby who indicated the location of a telephone. As she proceeded in its direction Leary drove off in her automobile. Some time later the same day Leary was arrested while still in the automobile in Sebring, Florida.
After the presentation of evidence at Leary's jury trial for robbery involving a motor vehicle, the court charged the jury on the applicable law, which included the instruction on robbery contained in the standard jury instructions.
Among other things, appellant Leary, argues on appeal that the standard jury instructions neglect to include and define "intent to deprive the owner of his property" as a necessary element of the crime of robbery. He further urges that this deficiency amounts to fundamental error, as he must since there was no proper objection to the charge in the trial court.
We agree that failing to charge on the element of intent is prejudicial error. Bell v. State, 394 So.2d 979 (Fla. 1981). We do not agree, however, that it is necessarily error of fundamental proportions. Where, as here, the evidence is clear and undisputed that property is taken from another by the use of force and transported to another locality, the undeniable inference is that there was an intention to deprive the owner *1223 of that property. There was neither evidence nor argument raising specific intent as an issue in this case. Under such circumstances failure to instruct on intent does not amount to a deprivation of due process. State v. Smith, 240 So.2d 807 (Fla. 1970). The error here was not "fundamental." Williams v. State, 400 So.2d 542 (Fla.3d DCA 1981). Appellant having failed to preserve the error by appropriate objection we are not obligated to recognize it as an operative factor on appeal. Castor v. State, 365 So.2d 701 (Fla. 1978).
The additional points urged for reversal are similarly unmeritorious.
Accordingly, we affirm.
AFFIRMED.
MOORE and HURLEY, JJ., concur.