DANAHY, Chief Judge.
In 1978, the defendant received sentences of thirty years in prison on a 1975 charge of involuntary sexual battery, ninety-nine years on a 1978 kidnapping charge, and life imprisonment with a mandatory minimum of twenty-five years on one count of sexual battery committed in 1978. On appeal the defendant contended that the trial court erred in failing to certify the defendant as a mentally disordered sex offender under chapter 917, Florida Statutes (1977). Agreeing with the defendant, this court vacated the sentences imposed upon him and remanded to the trial court with directions to hold a hearing pursuant to section 917.14, Florida Statutes (1977). Rosier v. State, 374 So.2d 1041 (Fla. 2d DCA 1979).
Following remand, the defendant was found to qualify for treatment as a mentally disordered sex offender and was placed in a state hospital for treatment. On July 23, 1985, a determination was made that the defendant had exhausted all appropriate treatment under chapter 917. Accordingly, he was returned to the sentencing court for resentencing. At his resentenc-ing hearing, the defendant presented the testimony of three of his therapists who all testified that the defendant had made significant progress during his time at the treatment center. Each expressed an opinion as to the likelihood that the defendant would commit any further sexual offenses. Notwithstanding that testimony, the trial judge imposed the same sentences as were originally imposed in 1978, with credit for time served in the state hospital. The defendant appeals again.
The defendant first argues that the trial judge had discretion in determining what sentences to impose on the defendant, and that he abused his discretion. We do not agree. As to the defendant’s capital offense of sexual battery, the trial judge had no discretion. Under section 775.-082(1), Florida Statutes (1977), the penalty for a capital felony is life imprisonment with a minimum term of twenty-five years before parole eligibility. In Nyberg v. State, 389 So.2d 339 (Fla. 2d DCA 1980), this court held that if a crime carries with it a mandatory sentence, the trial court must still impose that mandatory sentence after a defendant’s completion of treatment as a mentally disordered sex offender. Thus the trial judge was entirely correct in *727 imposing life imprisonment with a mandatory minimum of twenty-five years on the 1978 capital felony. The sentences for the kidnapping offense and the 1975 charge of sexual battery are lawful sentences and we affirm them.
As his second issue on appeal, the defendant claims that certain errors appear in the written sentences and judgments in this case. First, he points out that the judgment with respect to the 1975 sexual battery states that it is a life felony whereas under the applicable law at the time of the offense (1975) it was a first degree felony. Second, the defendant argues that since his sentences are not pursuant to the sentencing guidelines, the judgments and sentences should contain notations of eligibility for parole. Third, the defendant argues that he should have been given the same credit for time served on all sentences, since they were concurrent. The defendant was given credit for 3,023 days on one sentence and credit for 2,692 days on the other sentences. Finally, the defendant points out that he was sentenced on count III, not count II, of the 1978 charges of sexual battery.
The state concedes that the judgment for the 1975 sexual battery should be corrected to reflect that it is a first-degree felony rather than a life felony and that the notation for the 1978 capital sexual battery should be changed from count II to count III.
The state also agrees that the defendant is eligible for parole consideration after serving his mandatory 25-year sentence. The state does not agree that there has been an error in the calculation of credit for time served. It asserts that the defendant had served time in connection with the 1975 sexual battery and this factor would account for the difference between the amount of time credited for the 1975 offense and the amount of time credited for the 1978 offenses. The state argues, and we entirely agree, that the defendant is not entitled to credit on his sentences for the 1978 convictions for time served before he committed the 1978 offenses. However, the record before us does not reflect time served on the 1975 offense and we cannot ascertain whether the correct credit for time served has been allowed.
Accordingly, we reverse and remand for the sole purpose of permitting the trial court to correct the judgment on the 1975 sexual battery to reflect that it is a first degree felony, to change the notation on the 1978 capital sexual battery conviction from count II to count III, and to reconsider the calculation of credit to be allowed on the defendant’s sentences for time served. Regarding parole eligibility, we believe it is sufficient to simply note in this opinion that the defendant is entitled to parole consideration after the completion of his 25-year minimum mandatory sentence.
SCHOONOVER and SANDERLIN, JJ., concur.