545 So.2d 427 (1989)
Artis Rynard LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01841.
District Court of Appeal of Florida, Second District.
June 14, 1989.
James Marion Moorman, Public Defender, and Andrea Steffen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., David R. Gemmer, and Michele Taylor, Asst. Attys. Gen., Tampa, for appellee.
ALTENBERND, Judge.
The defendant appeals his convictions for purchase of cocaine and possession of the same cocaine. We affirm his judgment and sentence for purchase of cocaine and expressly declare that section 893.13, Florida Statutes (1987), was validly enacted for the reasons stated in Blankenship v. State, No. 88-01349 545 So.2d 908 (Fla. 2d DCA 1989); see also State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989).
We reverse the lesser conviction for possession of cocaine since both convictions arise from a single act. Just as sale of cocaine includes all elements necessary to prove possession of cocaine, the same is true for purchase of cocaine. See Carawan v. State, 515 So.2d 161 (Fla. 1987); Dukes v. State, 528 So.2d 531 (Fla. 2d DCA 1988); Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988). We note that these offenses occurred prior to the amendment of section 775.021(4), Florida Statutes, in 1988.
On remand, the judgment and sentence for possession of cocaine shall be vacated. Resentencing will not be necessary on the primary offense because the defendant received *428 a guidelines sentence and the vacation of the lesser offense does not affect the recommended range for sentencing the primary offense.
Affirmed in part, reversed in part, and remanded.
LEHAN, A.C.J., and PATTERSON, J., concur.