556 So.2d 480 (1990)
Andre L. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01771.
District Court of Appeal of Florida, Second District.
February 2, 1990.
*481 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant pleaded guilty to purchasing and possession of cocaine, reserving his right to appeal the denial of his oral motion to dismiss the possession of cocaine charge on the basis of Carawan v. State, 515 So.2d 161 (Fla. 1987), and Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), decision approved sub nom., State v. Smith, 547 So.2d 613 (Fla. 1989). See also Lewis v. State, 545 So.2d 427 (Fla.2d DCA 1989). The trial court withheld adjudication on the charges, placed appellant on two concurrent one-year terms of probation, and imposed court costs and attorney's fees. After the sentencing hearing and without giving appellant an opportunity to object, the trial court imposed written special conditions of probation, which include the following:
(13) Must not live with member of opposite sex that is not a relative.
... .
(16) Will not ... visit places where intoxicants and drugs are unlawfully sold, dispensed or used.
We agree with appellant that the trial court should have granted his motion to dismiss the charge of possession of cocaine. Accordingly, this conviction should be vacated. See Wagner v. State, 553 So.2d 801 (Fla. 2d DCA 1989); Gordon.
We strike the imposition of court costs and attorney's fees because they were imposed without notice and a hearing. Wood v. State, 544 So.2d 1004, 1006 (Fla. 1989); Jenkins v. State, 444 So.2d 947 (Fla. 1984) We reject the state's argument that appellant waived such notice and hearing. The boiler plate "waiver" in an affidavit of insolvency has recently been held invalid. Bull v. State, 548 So.2d 1103 (Fla. 1989). The state may seek reimposition of costs after proper notice and hearing.
We further strike special condition (13) of appellant's probation, Brodus v. State, 449 So.2d 941 (Fla. 2d DCA 1984); but affirm special condition (16). The fourth district, in 1977, held the same condition of probation as in special condition (16) in this case not to be unreasonable or unlawful, where the defendant pleaded guilty to charges of obtaining property by worthless checks. Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977). We recognize that circumstances have changed from 1977 to the present and that many drug offenders live in so-called drug-infested neighborhoods where drugs could be illegally sold in front of their homes, which could make it virtually impossible for a *482 probationer to comply with this condition. We also note that a violation of this condition would have to be proven willful before appellant's probation could be revoked on this basis.
Affirmed in part and reversed in part.
FRANK, A.C.J., and THREADGILL and PATTERSON, JJ., concur.