PER CURIAM.
Appellant pleaded nolo contendere to purchasing and possession of cocaine, reserving his right to appeal the denial of his motion to dismiss the possession of cocaine charge on the basis of Carawan v. State, 515 So.2d 161 (Fla.1987), and Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), decision approved sub nom., State v. Smith, 547 So.2d 613 (Fla.1989). See also Lewis v. State, 545 So.2d 427 (Fla. 2d DCA 1989). The trial court placed appellant on two concurrent two-year terms of probation, and imposed court costs and attorney’s fees. After the sentencing hearing and without giving appellant an opportunity to object, the trial court imposed written special conditions of probation, which include the following:
(13) Must not live with member of opposite sex that is not a relative.
[[Image here]]
(16) Will not ... visit places where intoxicants and drugs are unlawfully sold, dispensed or used.
The facts of this case are virtually indistinguishable from those in our recent decision of Williams v. State, 556 So.2d 480 (Fla. 2d DCA 1990) [15 F.L.W.D], Accordingly, on the basis of Williams and the authorities cited in that case, we hold that the trial court erred in denying appellant’s motion to dismiss the possession of cocaine charge. We further strike the imposition of costs and fees without prejudice to the state seeking reassessment after proper notice and hearing. Finally, we strike special condition (13) of appellant’s probation and affirm special condition (16).
Affirmed in part and reversed in part.
SCHOONOVER, A.C.J., and PARKER and ALTENBERND, JJ., concur.