559 So.2d 415 (1990)
Alan EDMUNDS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00753.
District Court of Appeal of Florida, Second District.
April 11, 1990.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant challenges several special conditions of probation and the imposition of court costs by the trial court.
We strike the imposition of court costs because they were imposed without notice and a hearing. Wood v. State, 544 So.2d 1004, 1006 (Fla. 1989); Jenkins v. State, 444 So.2d 947 (Fla. 1984). The state may seek reimposition of costs after proper notice and hearing.
We also strike the following special conditions of probation:
Condition 11  Visit no bars, restaurants or any place where alcoholic beverages are served without written permission from the probation officer, after consent from judge.
Condition 21  You are not to be within three (3) blocks of known high drug areas as determined by your probation or community control officer.
Condition eleven is unrelated to the crime for which defendant was convicted, trafficking in cocaine, and relates to conduct which is not itself criminal. See Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). Furthermore, it delegates impermissible authority to a probation officer. See Denson v. State, 493 So.2d 60 (Fla. 2d DCA 1986). Condition twenty-one has previously been stricken by this court. See Huff v. State, 554 So.2d 616 (Fla. 2d DCA 1989).
Accordingly, we strike the imposition of court costs and special conditions of probation eleven and twenty-one. Otherwise, we affirm.
SCHEB, A.C.J., and LEHAN and PARKER, JJ., concur.