PER CURIAM.
Defendant appeals from his January 26, 1989 sentence for violation of community control in case number 86-14794.
He contends that the trial court’s imposition of a 30 month prison sentence on count two and 15 years probation on count one upon his conviction for violation of community control were improper.
He first argues that the sentence was improper because the community control had been improper. He argues that the community control had been improper because (a) with respect to count two, it had been an improper modification of a six month jail sentence which he had begun serving and (b) with respect to both counts, it had been imposed as a part of an improper split sentence. We disagreed with argument (a) in our opinion of this same date in case number 88-01718, and we agreed with argument (b) in that same opinion. 564 So.2d 540 (Fla. 2d DCA 1990).
With respect to argument (a), in this appeal the state argues the jail sentence imposed on count two was not a jail sentence but was a special condition of probation or community control. However, the record indicates that the six months was a straight jail sentence that was not, as we said in our other opinion, modified by the May 25, 1988 sentence of community control. Apparently, when defendant was sentenced on January 26, 1989, the court mistakenly believed, perhaps due to the apparent scrivener’s error referred to in our other opinion, that defendant had been sentenced to community control on count two as well as count one. Hence, on January 26, 1989 the court sentenced defendant to 30 months in prison on count two for violation of community control. Because defendant actually had not been sentenced to community control on count two, but only received the foregoing jail sentence, the court improperly imposed the prison sentence for violation of a term of community control. Accordingly, the foregoing sentence is reversed and the cause is remanded subject to resentencing as provided in that other opinion and in accordance with this opinion.
He next argues that a condition of probation which required him to stay more than three blocks from known high-drug areas as determined by his probation officer was improper. We agree and strike that condition. See Edmunds v. State, 559 So.2d 415 (Fla. 2d DCA 1990).
His additional contention was addressed in our other opinion.
Reversed and remanded for proceedings consistent herewith.
LEHAN, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.