575 So.2d 724 (1991)
Scott G. NEWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00821.
District Court of Appeal of Florida, Second District.
February 22, 1991.
*725 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Scott G. Newman, challenges the sentences imposed upon him after he pled guilty to burglary of a dwelling, grand theft, and giving false verification of ownership to a pawnbroker.
We find no merit in appellant's contention that the court erred by sentencing him as an habitual felony offender pursuant to section 775.084, Florida Statutes (1989), without making specific findings of fact that show the necessity for an enhanced sentence for the protection of the public from further criminal activity. The appellant pled guilty to offenses committed in 1989 and the statute as amended in 1988 no longer requires the court to make such findings. See Ch. 88-131, § 6, Laws of Fla.; Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990).
We agree, however, with the appellant's contention that a new sentencing hearing is necessary in regard to restitution and the proper amount of credit for jail time. The court, without affording the appellant a restitution hearing, entered an order requiring the appellant to make restitution in the amount of $1650. Also, although the trial court ordered that the appellant was to be given credit for all time served, and the appellant established that he had been in jail for over a year, the appellant's sentence only gave him credit for thirty-five days. Since the record does not establish the proper amount of credit the appellant should receive, we must remand for a proper determination. Upon remand, the trial court should afford the appellant a hearing before determining the amount of restitution and the amount of credit for time served.
We also strike the imposition of court costs and attorney's fees without prejudice to the state to seek reimposition after proper notice and opportunity to be heard.
We affirm the judgments and sentences in all other respects.
Remanded with instructions.
SCHOONOVER, C.J., and RYDER and DANAHY, JJ., concur.