RYDER, Judge.
We reverse the appellant’s habitual offender sentences and remand for resen-tencing. In order to be sentenced as a habitual offender under section 775.084, Florida Statutes (1988), a defendant must have successive felony convictions. The appellant’s several felony convictions were rendered on the same date, and so they should have been treated as a single offense.[1] Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
Condition 11 of the order of probation requires appellant to not consume any alcohol, be in possession of alcohol, associate with persons who use alcohol, or frequent places where alcohol is the main source of business.[2] We strike these conditions on the authority of Edmunds v. State, 559 So.2d 415 (Fla. 2d DCA 1990).
Appellant also argues that he was not given notice or a hearing in connection with the trial court’s imposition of court costs and attorney’s fees. Richards had an opportunity to be heard at the sentencing hearing and raise any pertinent objections. Any determination of his ability to pay need be made only when the state seeks to enforce collection of the costs. State v. Beasley, 580 So.2d 139 (Fla.1991).
*158 Reversed and remanded for resentenc-ing.
SCHOONOVER, C.J., and PATTERSON, J., concur.

. The state may take the opportunity at the sentencing hearing to clarify the record so as to support the habitual offender classification.

. Appellant did not appeal condition 11 as it related to illegal drug use, and we do not strike condition 11 as it so relates.