HALL, Judge.
Henshaw challenges his sentences imposed pursuant to directions from this court upon remand in Henshaw v. State, 564 So.2d 540 (Fla. 2d DCA 1990), and Henshaw v. State, 564 So.2d 541 (Fla. 2d DCA 1990).
We agree with Henshaw's first contention, as does the state, that his judgment incorrectly reflects the degree of the burglary of which he was convicted as a second, rather than a third-degree felony. Accordingly, we remand this cause to the trial court for correction of Henshaw’s judgment.
Henshaw’s second contention is that he is entitled to be discharged because he has served the statutory maximum sentence of five years for a third-degree felony. Since *1133 it is not at all clear to us that Henshaw has served five years’ imprisonment on his burglary conviction, we also remand this cause for a determination of the amount of time he has served on that conviction. See Green v. State, 539 So.2d 484 (Fla. 1st DCA 1988), approved, State v. Green, 547 So.2d 925 (Fla.1989). That amount of time should be computed from the original date of sentencing. If Henshaw has not served the statutory maximum five years, he should be credited with the amount of time he has served and properly resentenced.
The final contention of Henshaw’s with which we find merit is that the trial court erred in sentencing him in absentia. We agree. Fla.R.Crim.P. 3.180(a)(9). Quarterman v. State, 506 So.2d 50 (Fla. 2d DCA 1987), approved on other grounds, 527 So.2d 1380 (Fla.1988). If the trial court determines on remand that Henshaw should be resentenced, Henshaw must be present.
Remanded with directions.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.