593 So.2d 289 (1992)
Fernando ALVAREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03220.
District Court of Appeal of Florida, Second District.
January 22, 1992.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
We affirm defendant's convictions for possession of cannabis over 20 grams and for conspiracy to possess cannabis over 20 grams. We disagree with his argument that a subsequent prosecution in Polk County constituted double jeopardy. Gordon v. State, 528 So.2d 910, 911 n. 2 (Fla. 2d DCA 1988), affirmed sub nom., State v. Smith, 547 So.2d 613 (Fla. 1989), receded from sub nom. in part on other grounds, St. Clair v. State, 575 So.2d 243 (Fla. 2d DCA) (en banc), review denied, 582 So.2d 623 (Fla. 1991). We also disagree that the sentence imposed, two years community control to be followed by three years probation, was a departure from the guidelines. Skeens v. State, 556 So.2d 1113, 1114 (Fla. 1990).
However, we agree with defendant that the judgment contains a scrivener's error. On remand, the trial court should correct the judgment to indicate that defendant's convictions are for possession of cannabis over 20 grams and for conspiracy to possess *290 cannabis over 20 grams, not the crimes for which he was originally charged.
On remand the trial court should also clarify and correct the terms of defendant's community control and probation. While it appears that the court only intended, as indicated by circled portions of form orders, to order that defendant not consume any alcohol or illegal drugs, both the defendant and the state on appeal appear to assume that the trial court imposed other conditions as well. As guidance on remand, we address as follows the propriety of all the conditions that appear to be at issue: (1) Consumption of alcohol. This condition is invalid under Edmunds v. State, 559 So.2d 415 (Fla. 2d DCA 1990), a factually analogous case. (2) Consumption of illegal drugs. Patently valid. (3) Possession of alcohol or illegal drugs. Invalid before the "or"; valid after it. Edmunds. (4) Associate with persons who use alcohol or illegal drugs. Invalid as to alcohol; too vague and capable of unintentional violation as to illegal drugs under Huff v. State, 554 So.2d 616 (Fla.2d DCA 1989). (5) Frequent places where alcohol is the main source of business or illegal drugs are used. Invalid again as to alcohol; as to drugs, invalid under Huff as the places defendant is to avoid were not "defined specifically." 554 So.2d at 617.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, C.J., and DANAHY, J., concur.