596 So.2d 811 (1992)
Roger WALLS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1551.
District Court of Appeal of Florida, Fourth District.
April 15, 1992.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Roger Walls brings this appeal from his conviction of burglary of an occupied conveyance. We affirm, except with respect to the condition of probation requiring Walls to maintain full-time employment.
Walls was found guilty of stealing a purse from a vehicle that was occupied by a fourteen-year old boy. The trial court sentenced Walls as a habitual felony offender *812 to twelve years in prison, with seven years suspended. The court also sentenced Walls to two years community control and five years probation. As a special condition of Walls's community control and probation, the court prohibited Walls from using or possessing alcoholic beverages or any controlled substances and required him to maintain full-time employment of at least thirty-five hours per week. Walls did not object to his sentence.
A defendant does not need to object to a sentence when the sentence is illegal or otherwise "so egregious as to be the equivalent of fundamental error." Larson v. State, 572 So.2d 1368, 1370-71 (Fla. 1991). The trial court's requirement that Walls maintain full-time employment is sufficiently egregious to be the equivalent of fundamental error. Factors beyond Walls's control, for example, the poor economy, may prevent him from satisfying that element of his probation. As such, the trial court erred in placing the full-time employment requirement on Walls. The court should have instead ordered Walls to maintain or actively seek gainful employment. Boudreaux v. State, 578 So.2d 457, 458 (Fla. 1st DCA 1991); Cowan v. State, 527 So.2d 305, 305 (Fla. 1st DCA 1988).
This court notes that Walls's written sentence does not conform to the trial court's oral pronouncement of judgment and sentence. Walls's written sentence does not include the special conditions of his period of community control and probation. A written sentence must conform to the oral pronouncements of judgment and sentence. E.g., Kord v. State, 508 So.2d 758, 758 (Fla. 4th DCA 1987). Because Walls's written sentence does not conform to the trial court's oral pronouncements, on remand the trial court is instructed to amend Walls's written sentence not only to include a statement that he maintain or actively seek gainful employment, but that he not use or possess alcoholic beverages or any controlled substances during his period of community control and probation.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
DOWNEY and GARRETT, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.