601 So.2d 619 (1992)
Kendall Douglas PRATT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01229.
District Court of Appeal of Florida, Second District.
June 24, 1992.
*620 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant, after a jury trial, was convicted of resisting an officer without violence, possession of cocaine, possession of cannabis and possession of drug paraphernalia.[1] In this appeal, he challenges only his conviction for possession of drug paraphernalia and two conditions of his probation. With regard to his conviction for drug paraphernalia, which consisted of rolling papers, we agree with his contention that fundamental error occurred in the trial court's instructions to the jury and accordingly reverse and remand for a new trial. With regard to the two challenged conditions of his probation, both of which concerned the consumption of alcohol and drugs, we conclude that a portion of one condition should be stricken.
Citing Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990), defendant argues that the trial court committed fundamental error when, while giving to the jury the standard instruction on the elements of the crime of possession of drug paraphernalia, it failed to add the element of intent. That standard jury instruction, which omits that element, is an incomplete statement of the law. Id. at 644 (citing section 893.147(1)).[2] Defendant's trial counsel failed to object to the instruction. Notwithstanding that failure, we reverse and remand for a new trial because we agree under the circumstances of this case that the failure to instruct on the element of intent constituted fundamental error.
We recognize that Steele did not establish a per se rule requiring a reversal every time a court fails to instruct the jury on intent. Rather, citing Williams v. State, 400 So.2d 542, 544-45 (Fla. 3d DCA 1981), Steele pointed out that "fundamental error must involve a critical and disputed issue at trial." Id. at 645. As a basis for comparison, Steele noted that in Leary v. State, 406 So.2d 1222 (Fla. 4th DCA 1981), the Fourth District "agreed that failure to charge on the element of intent is prejudicial error, but held where there was neither evidence nor argument raising specific intent as an issue in the trial, failure to instruct on intent does not amount to a deprivation of due process." 561 So.2d at 645.
Our review of the record in this case indicates that, in contrast to the situation in Williams and Leary and like that in Steele, intent was a "critical and disputed issue at trial." While defendant's trial counsel did not mention intent by name in opening or closing argument, intent, or lack thereof, was very much at issue as it was logically subsumed in counsel's argument. The argument was that the drug paraphernalia (along with the cocaine and cannabis) did not belong to defendant who was unaware that they were in the car, but rather belonged to the prior owner of the 1977 BMW defendant had just purchased. Moreover, counsel's motion for judgment of acquittal clearly encompassed lack of intent as an issue:
Pretty much [the same] for the Drug Paraphernalia count, I don't think there's been any ... evidence that that item was used to ingest, inhale or intake any drugs at all, simply because there's a fact that these narcotics are found around rolling papers they have a special *621 and unique purpose ... to roll Camel cigarettes. .. . I've had contact with many people who always use hand-rolled cigarettes, and I don't think there's any connection here at all to prove that those were used as drug paraphernalia.
Thus, we conclude that a new trial is necessary because, as in Steele, fundamental error occurred in the jury instructions in this case. While defense counsel in Steele, in contrast to counsel in this case, had made an attempt specifically to bring the intent issue to the trial court's attention, that aspect, which bears only upon whether the matter of fundamental error was in issue in that case, does not require a different result. As Steele stressed, the error from the omission from the instruction was fundamental. Id. at 645.
Defendant next challenges conditions 6 and 11 of his probation, which pertain to all four of his convictions. Condition 6 states: "You will not use intoxicants to excess. You will not visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used." Condition 11 states: "You shall not (consume any alcohol/illegal drugs)... ." The words in parentheses are circled in the record. Condition 11 also lists other matters, but since they are not similarly circled, they do not seem to apply to defendant in this case.
We affirm the imposition of condition 6. It is not unreasonable to require that defendant not use intoxicants to excess. He was convicted of substance offenses, and that portion of the condition appears reasonably related to his crimes. As for the portion of the condition concerning visiting places where intoxicants and drugs are unlawfully used, this court in Williams v. State, 556 So.2d 480, 481 (Fla. 2d DCA 1990) explicitly approved a virtually identical condition: "Will not ... visit places where intoxicants and drugs are unlawfully sold, dispensed or used."
As for condition 11, Alvarez v. State, 593 So.2d 289 (Fla. 2d DCA 1992) involved a similar condition and situation. Alvarez held the condition was invalid as to alcohol but valid as to illegal drugs. Id. at 290. Thus, we affirm condition 11 with regard to illegal drugs but strike it with regard to alcohol.
Reversed and remanded for a new trial; conditions of probation affirmed in part and stricken in part.
RYDER, A.C.J., and BLUE, J., concur.
NOTES
[1] These crimes were in violation of section 843.02, Florida Statutes (1989); section 893.13(1)(a)2, Florida Statutes (Supp. 1990); section 893.13(1)(a)3, Florida Statutes (Supp. 1990) and section 893.147(1), Florida Statutes (1989), respectively.
[2] Section 893.147(1) states: "It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia... ." (Emphasis added.)