613 So.2d 1335 (1993)
Robert Earl ROWLES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03675.
District Court of Appeal of Florida, Second District.
January 27, 1993.
Rehearing Denied March 5, 1993.
James Marion Moorman, Public Defender and Steven L. Seliger, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Robert Earl Rowles raises three issues on appeal of his conviction for lewd assault on a child under the age of sixteen. A review of the record reveals merit in only one of the issues raised. Rowles correctly argues the court erred in the admission of the expert testimony of a member of the child protection team. Accordingly, we reverse and remand for a new trial.
*1336 At trial Rowles objected to the testimony of the expert witness in the field of interviewing and investigating children who have been sexually abused. The trial court properly permitted the expert to testify pursuant to Glendening v. State, 536 So.2d 212 (Fla. 1988). Prior to allowing the testimony, extensive discussion took place on the record and the court ruled the witness would not be allowed to comment upon the credibility of the victim. At this point in the proceeding the prosecutor commented, "Judge, I need to make sure the witness understands that." Based on the foregoing discussion we must assume the witness was aware of the court's ruling that disallowed comment on the credibility of the victim. When asked for her expert opinion concerning the abuse, the witness responded, "I believe she was relating facts, I mean I believe she was abused." Defense counsel immediately moved for a mistrial.
We hold the testimony in question was a direct comment on the credibility of the victim which our supreme court has made impermissible. The court in Tingle v. State, 536 So.2d 202 (Fla. 1988), determined similar testimony constituted error. In Tingle the court adopted the position taken by the Eighth Circuit Court of Appeals in United States v. Azure, 801 F.2d 336, 340 (8th Cir.1986), that in cases such as this, "some expert testimony may be helpful, but putting an impressively qualified expert's stamp of truthfulness on a witness' story goes too far."
No medical or physical evidence was offered in this case. This action was essentially a contest between the credibility of the child's story and the credibility of Rowles' denial. The expert witness impermissibly intruded into the jury's function of determining the question of credibility. Page v. Zordan, 564 So.2d 500 (Fla. 2d DCA 1990). We cannot say this error was harmless beyond a reasonable doubt. State v. DeGuilio, 491 So.2d 1129 (Fla. 1986). Therefore, we reverse and remand for a new trial.
Because we are remanding for a new trial, we briefly discuss Rowles' contention that the court improperly excluded a defense witness' testimony that the victim had previously identified another person as the perpetrator of this crime. The proffered testimony was clearly hearsay and not offered as impeachment of any trial testimony. The testimony was properly excluded by the trial court. Rowles' contention that his speedy trial rights were abridged is without merit and requires no discussion.
Reversed and remanded.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.