613 So.2d 558 (1993)
Wardell Farris BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00994.
District Court of Appeal of Florida, Second District.
February 3, 1993.
*559 James Marion Moorman, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, convicted of aggravated battery with a firearm, raises three issues on appeal, only one of which has merit.
Appellant contends first that the court improperly selected the jury from members of the clerk's office. While this is probably true since the statute allowing talesmen to be selected in this way has been repealed, there is no indication that appellant timely objected. Any objection should have been made prior to the time the jury was seated. Porter v. State, 160 So.2d 104 (Fla. 1963), cert. denied, 379 U.S. 849, 85 S.Ct. 90, 13 L.Ed.2d 52 (1964). Here, after the court had recruited the three jurors from the clerk's office, instead of objecting, appellant's counsel participated in voir dire by asking questions of the three prospective jurors. Appellant did not object until after the jury had heard the case and has thus waived this issue.
Appellant argues next that when the court sentenced him as an habitual offender, it did not have the benefit of Burdick v. State, 594 So.2d 267 (Fla. 1992), which states that sentencing as an habitual offender is permissive, not mandatory. He maintains, therefore, that the judge might have thought that sentencing as an habitual offender was mandatory under this court's State v. Allen, 573 So.2d 170 (Fla. 2d DCA 1991) opinion (later quashed), holding that habitual offender sentencing is mandatory.
We agree with appellant. At the time of appellant's sentencing on February 27, 1992, the court apparently did not have the benefit of either Burdick (filed February 6, 1992, rehearing denied March 25, 1992) or, certainly, this court's King v. State, 597 So.2d 309 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla. 1992) (opinion filed on July 20, 1992).
We, therefore, reverse and remand appellant's habitual offender sentence because we do not know whether the trial judge would have imposed a more lenient sentence. See Davis v. State, 599 So.2d 239 (Fla. 2d DCA 1992); Tucker v. State, 595 So.2d 956 (Fla. 1992).
Appellant argues next that the court failed to make the required findings that appellant had not been pardoned or that one of his prior convictions had been set aside on postconviction proceedings. Our review of the record reveals, however, that the court did, in fact, make those findings. The court specifically stated at the end of the sentencing proceeding that he had not heard any evidence of a pardon or of a conviction being set aside on postconviction proceedings.
Even if the court had not made the findings, or if the court, by these findings, placed the burden on the defendant, this court has consistently held that the existence of a pardon as to any prior offenses is an affirmative defense to be raised by appellant at the time of sentencing. Bonner v. State, 599 So.2d 768 (Fla. 2d DCA 1992); Baxter v. State, 599 So.2d 721 (Fla. 2d DCA 1992). Appellant raised no such affirmative defense at sentencing. We find no error here.
Finally, appellant argues that the court imposed improper conditions of probation as follows:
6. You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
7. You will work diligently at a lawful occupation and support any dependents to the best of your ability, as directed by your Officer.
Appellant maintains that condition six is too vague and, additionally, was not orally announced as required by Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). He argues that condition seven was not orally announced.
At sentencing, the court orally stated: "Special terms and conditions of that probation are  and that's consecutive probation *560  are that he is to maintain any drugfree activity. He's to attend any drug counseling that the Department of Corrections indicates that would be helpful to him."
We turn first to condition seven. Those portions of condition seven that require appellant to work and support his dependents is statutorily allowed by section 948.03, Florida Statutes (1989). Although appellant complains that condition seven does not include the statutory language, "as may be possible," with the result that appellant is required to work even though he may not be able to find employment, we believe that the language in condition seven, "to the best of your ability," meets this objection. We find no error here.
Neither do we find any error in imposition of condition six. This court has specifically approved condition six in Pratt v. State, 601 So.2d 619 (Fla.2d DCA 1992), where we found it reasonable to require a defendant not to use intoxicants to excess. Although the defendant in Pratt was convicted of substance abuses and this appellant was not, drug usage was related to appellant's crimes. This court also observed in Pratt that we had previously approved that portion of condition six prohibiting a defendant from visiting places where intoxicants and drugs are unlawfully sold, dispensed or used. Williams v. State, 556 So.2d 480, 481 (Fla. 2d DCA 1990). Additionally, we believe that the court's oral pronouncement regarding condition six satisfied the requirements of Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992), insofar as it makes clear to the defendant the general substance of the condition. We approve imposition of condition six as well.
We, therefore, reverse and remand appellant's habitual offender sentence to allow the judge to review it in light of Burdick and King.
THREADGILL and PATTERSON, JJ., concur.