616 So.2d 174 (1993)
Nicholas G. GREGORY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01319.
District Court of Appeal of Florida, Second District.
March 31, 1993.
*175 James Marion Moorman, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Nicholas Gregory appeals from his conviction and split sentence for sale and possession of cannabis. The sole issue raised in this appeal is whether two conditions of probation must be stricken.
The first condition reads as follows: "You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used." Gregory argues that this special condition is too vague "to apprise ... of the places and substances he is supposed to avoid." Moreover, the condition was not announced orally at the sentencing hearing, thus depriving Gregory of the opportunity to raise any objection he might have had.
Regarding the claim of vagueness, Gregory relies principally upon Alvarez v. State, 593 So.2d 289 (Fla. 2d DCA 1992), and Huff v. State, 554 So.2d 616 (Fla. 2d DCA 1989). One of the conditions stricken in Alvarez involved "consumption of alcohol." Citing Edmunds v. State, 559 So.2d 415 (Fla. 2d DCA 1990), the court found this condition was unrelated to the offense for which Alvarez was convicted. By contrast, restrictions upon this sort of conduct may be highly relevant in a case where the crime itself involves the use or distribution of unlawful drugs. See, e.g., Williams v. State, 556 So.2d 480 (Fla. 2d DCA 1990). Alvarez, therefore, is of no avail to Gregory.
In Huff the probationer was directed not to reside in close proximity to "a known drug area," as defined by his probation officer. Such a condition suffers from numerous problems, including the impermissible delegation of judicial authority to the officer, the all-encompassing scope of the term, and the unfortunate fact "many drug offenders live in so-called drug-infested neighborhoods where drugs could be illegally sold in front of their homes, which could make it virtually impossible for a probationer to comply with this condition." Williams, 556 So.2d at 481-82. None of these problems resurfaces in the present case, in which the wording of the condition is far more definite, sufficient to inform persons of reasonable intelligence what conduct is prohibited. Baker v. State, 609 So.2d 167 (Fla. 2d DCA 1992). Of course, "a violation of this condition would have to be proven willful before appellant's probation could be revoked on that basis." Williams, 556 So.2d at 482.
The law does require, however, that special conditions must be announced in *176 open court. For this reason we must remand the order of probation to the trial court with instructions to strike this condition. Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992).
The second condition provides: "You will work diligently at a lawful occupation and support any dependents to the best of your ability, as directed by your officer." Again two objections are raised, beginning with Gregory's repeated complaint that the condition was not announced in open court. Beyond that, he depicts the condition as "sufficiently egregious to be the equivalent of fundamental error," because it risks penalizing him for circumstances beyond his control, such as a weak economy. Walls v. State, 596 So.2d 811, 812 (Fla. 4th DCA 1992), quoting Larson v. State, 572 So.2d 1368, 1370-71 (Fla. 1991).
As in our comparison with Huff, we find that the objectionable language in Walls was measurably different than that used in the present case. The precise wording of the stricken condition was "full-time employment of at least thirty-five hours per week." Instead, "[t]he court should have ... ordered Walls to maintain or actively seek gainful employment." 596 So.2d at 812. The caveat in the present case, that Gregory work "to the best of your ability," distinguishes it from Walls and avoids the potential for penalizing Gregory for unemployment that he did not seek or cause. Moreover, insofar as this "special" condition merely combines the two standard conditions set forth in sections 948.03(1)(c) and (f), Florida Statutes (1991), there is no due process problem. Accordingly, we decline to strike this condition.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., DANAHY and FRANK, JJ., concur.