DIMITROULEAS, WILLIAM P., Associate Judge,
concurring and dissenting.
I concur in the reversal of appellant’s conviction for sexual battery upon a child under the age of twelve. However, I would also hold that the trial court’s reduction of the charge to a life felony was improper, and I would remand this cause for a new trial on the original capital sexual battery charge.
I agree that the exclusion of the Texas defense witness testimony was error. See § 90.803(10), Fla.Stat. (1989); Terranova v. State, 474 So.2d 1206 (Fla. 2d DCA 1985); Williams v. State, 406 So.2d 86 (Fla. 1st DCA 1981); Jones v. State, 577 So.2d 606 (Fla. 4th DCA 1991).
However, I can not agree that the trial court erred in excluding testimony of the defense psychologist. In the proffered testimony, the defense psychologist testified that, in his opinion, the interviewing process and procedures utilized with the victim in this investigation were flawed. Additionally, the psychologist testified that the child’s affect was not consistent with that of a victim of sexual abuse.
In Weatherford v. State, 561 So.2d 629 (Fla. 1st DCA 1990), the court held that an expert in the field of investigation and interviewing allegedly sexually abused children should not have been allowed to testify because he was, in effect, performing a test of credibility not unlike that of a polygraph examination, and since cross-examination can perform the same function, it was held to be error to allow him to testify for the state. Where the testimony of an expert is not beyond the common understanding of the average layman, it is not an abuse of discretion to exclude that testimony. See Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987); Sea Fresh Frozen Products, Inc. v. Abdin, 411 So.2d 218 (Fla. 5th DCA), rev. denied, 419 So.2d 1195 (1982). In Way v. State, 496 So.2d 126 (Fla.1986), it was held that the trial court did not err in excluding a defense expert’s testimony about a person’s emotional reaction at a crime scene. The subject of that testimony was not beyond the understanding of the average person. Furthermore, it has been held that a general critique of proper police practice is not proper if it presents no probative evidence of guilt or innocence. See Huff v. State, 495 So.2d 145 (Fla.1986). The trial court certainly has broad direction concerning the admissibility of expert opinion evidence, and absent a showing of an abuse of discretion, that ruling should not be disturbed on appeal. Jent v. State, 408 So.2d 1024 (Fla.1981). I would find that no such showing has occurred here.
*742 Regarding the second aspect of the excluded expert testimony, in Glendening v. State, 536 So.2d 212 (Fla.1988), cert0 denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989), the supreme court held it was proper for an expert to express an opinion as to whether a child had been the victim of abuse. However, it is improper for the expert to go on and say that the defendant was the person who did the abusing. In Tingle v. State, 536 So.2d 202 (Fla.1988), the supreme court allowed that some expert testimony may be helpful to the jury, but that putting an expert’s stamp of truthfulness on a witness’ story goes too far; it invades the province of the jury. See Rowles v. State, 613 So.2d 1335 (Fla. 2d DCA 1993). The ultimate conclusion as to the victim’s credibility always lies with the jury, and an expert can not impermissi-bly intrude into that jury function. Page v. Zordan, 564 So.2d 500 (Fla. 2d DCA 1990); Rhue v. State, 603 So.2d 613 (Fla. 2d DCA 1992). State expert testimony, that the victim’s behavior is consistent with that of a sexually abused child has been held admissible. Calloway v. State, 520 So.2d 665 (Fla. 1st DCA), rev. denied, 529 So.2d 693 (Fla.1988); Ward v. State, 519 So.2d 1082 (Fla. 1st DCA 1988); Brown v. State, 523 So.2d 729 (Fla. 1st DCA 1988). Here, Ma-larney contends that the defense expert’s testimony that the victim’s behavior is inconsistent with that of a sexually abused child should be equally admissible. However, that defense expert's conclusion of inconsistency goes to the heart of the issue being tried, and it means that the expert is saying that, in his opinion, the victim was not abused and, therefore, the defendant is not guilty. A witness should not be allowed to offer an opinion as to the guilt or innocence of an accused person. See Spradley v. State, 442 So.2d 1039 (Fla. 2d DCA 1983); Farley v. State, 324 So.2d 662 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 1184 (Fla.1976); Turtle v. State, 600 So.2d 1214 (Fla. 1st DCA 1992). We should not hold that a trial court abuses its discretion when it excludes that type of testimony. Here, we do not have a situation where the state utilized expert psychological testimony in their case-in-chief, and then the defense sought to rebut that testimony. In that situation, fairness would demand that the defense be allowed to rebut the testimony of a state expert. See e.g., State v. Rhone, 566 So.2d 1367 (Fla. 4th DCA 1990), but see Wyatt v. State, 578 So.2d 811 (Fla. 3d DCA), rev. denied, 587 So.2d 1331 (Fla.1991). Where the state utilizes expert psychological testimony to explain characteristics of sexually abused children, it would be an abuse of discretion to deny the defendant the same opportunity in rebuttal. However, that did not happen in this case, and it cannot be said that the trial court abused its discretion in deciding to exclude the expert’s opinion that the victim’s actions were inconsistent with that of an abused child. Although it has already been decided that this whole type of testimony is the proper subject matter of expert testimony, perhaps that issue should be revisited. Normally, the admissibility of evidence relating to a relatively new scientific or medical test lies largely within the discretion of the trial court. See Fay v. Mincey, 454 So.2d 587 (Fla. 2d DCA 1984). For example, expert testimony regarding the reliability of eyewitness identification evidence can be disallowed. See Johnson v. State, 438 So.2d 774 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984). Perhaps the supreme court should revisit the Glendening opinion to see if this type of testimony satisfies the requirements of Frye v. United States, 293 F. 1013 (D.C.Cir.1923), see Flanagan v. State, 586 So.2d 1085, 1108 (Fla. 1st DCA 1991) (Judge Ervin dissenting); Commonwealth v. Dunkle, 529 Pa. 168, 602 A.2d 830 (1992). In any event, in this writer’s opinion for the reasons already set forth, no abuse of discretion has been shown in the trial court’s excluding this defense expert’s testimony.
Although I agree that the sentencing issue is now moot, I think the state is entitled to an answer to their question on appeal so that there will be no issue as to what charge the defendant should now face on remand.
The information, which properly alleged that the defendant was eighteen-years of age or older, was apparently never read to the jury, nor was it sent to the jury room *743 during their deliberations. Apparently, both counsel agreed upon written jury instructions that were both read to and given to the jury. There were no objections to the instructions given. In those instructions, the definition of sexual battery upon a child omitted one of the standard jury instruction elements: that Malarney was a person eighteen-years of age or older. The jury returned a verdict of “guilty of sexual battery — victim eleven years or younger, as charged in the information.” At sentencing, defense counsel asked the court to sentence the defendant for the crime of sexual battery, but not capital sexual battery because the jury had not found that Malarney was eighteen-years of age or older. The court agreed with the defendant’s argument and imposed a guideline sentence of nine years in prison. There was no objection from the State of Florida to this sentence because no representative from the state attorney’s office appeared at the sentencing hearing. The State of Florida appealed from this sentence.
The trial court has no discretion regarding imposing a life sentence with a twenty-five year mandatory minimum on a conviction for a capital sexual battery. Rosier v. State, 508 So.2d 725 (Fla. 2d DCA), rev. denied, 515 So.2d 230 (Fla.1987). The issue here is whether the jury’s verdict was for capital sexual battery, where the jury never heard nor saw the allegations in the information, and they were not properly instructed on the elements and returned a verdict of “guilty as charged.” However, the absence of an element in the jury instructions is not fundamental error where neither the evidence nor arguments raised that element as an issue in the case. Leary v. State, 406 So.2d 1222 (Fla. 4th DCA 1981); Pratt v. State, 601 So.2d 619 (Fla. 2d DCA 1992). Here, the defense offered no objection to the instructions either before or after they were given, and the defense may have even approved the instructions. See Lawson v. State, 552 So.2d 257 (Fla. 4th DCA 1989). Furthermore, since the defendant personally waived his right to have the jury charged on lesser included offenses, the only verdict that could have been returned was “as charged” in the information. See Lewis v. State, 566 So.2d 270 (Fla. 2d DCA), rev. denied, 581 So.2d 165 (Fla.1991). “Guilty as charged” means just that. See Massard v. State, 501 So.2d 1289 (Fla. 4th DCA 1986), rev. dismissed, 504 So.2d 403 (Fla.1987). Here, it is obvious that the verdict referred to the only instruction given and the only issue litigated: sexual battery upon a child. Pierre v. State, 597 So.2d 853 (Fla. 3d DCA 1992). Finally, the sexual battery statute refers to the defendant’s age only in prescribing the punishment. Jesus v. State, 565 So.2d 1361 (Fla. 4th DCA 1990); but see Baker v. State, 604 So.2d 123 (Fla. 3d DCA 1992). The defendant’s age was never in dispute. Francis v. State, 512 So.2d 280 (Fla. 2d DCA 1987). It was error not to impose a sentence for capital sexual battery. The state has a right to appeal this decision. State v. Kelley, 588 So.2d 595 (Fla. 1st DCA 1991). The state’s failure to appear for the sentencing hearing should not be viewed as a waiver; other less severe sanctions were available. See State v. Perez, 587 So.2d 630 (Fla. 3d DCA 1991). No double jeopardy violation, as occurred in Smalis v. Pennsylvania, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986), is present here.
The state has taken an appeal from this sentence. We should address this issue so that it is clear upon what charge the defendant should be now tried. I would reverse and remand for a new trial on the original capital sexual battery charge.