PER CURIAM.
The appellant, Roderick Everett Mullins, challenges the trial court’s judgments and sentences. We find that the trial court erred in sentencing the appellant and, accordingly, reverse and remand for resentencing.
The appellant was charged with, and pled guilty to, armed burglary, sexual battery, and aggravated battery on an elderly person, in violation of sections 810.02(2)(b), Florida Statutes (1991), 794.011, Florida Statutes (Supp.1992), and 784.08, Florida Statutes (Supp.1992). The record shows that the appellant cut the window screen of the victim’s residence and upon entering the residence sexually battered and beat the victim. The appellant was adjudicated guilty and sentenced as a habitual felony offender to two consecutive life sentences for the armed burglary and aggravated battery counts and to life probation for the sexual battery count. The appellant filed a timely notice of appeal.
We reject the appellant’s first contention that the trial court erred by sentencing him as a habitual felony offender pursuant to section 775.084, Florida Statutes (1991), without making specific findings of fact that show an enhanced sentence was necessary for the protection of the public. The appellant pled guilty to offenses committed in 1992 and the statute as amended in 1988 no longer requires the court to make such findings. See Newman v. State, 575 So.2d 724 (Fla. 2d DCA 1991).
We agree, however, with the appellant’s second contention that the trial court erred in sentencing him to consecutive sentences as a habitual offender. When a sentencing court enhances a sentence pursuant to the habitual offender statute, the court may not further enhance the penalty by ordering the individual sentences to be served consecutively if the violations occurred dur *317 ing a single criminal episode. Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994). See also Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, — U.S.—, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). Because the facts in the instant ease clearly show that the three crimes occurred during one criminal episode, the consecutive habitual offender sentences imposed were improper. Accordingly, we reverse and remand for resentenc-ing.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and PARKER and PATTERSON, JJ., concur.