674 So.2d 885 (1996)
Larry Darnell WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00702.
District Court of Appeal of Florida, Second District.
May 29, 1996.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Larry Darnell Williams appeals his convictions for loitering and prowling, battery on a law enforcement officer, and resisting arrest with violence. We affirm his convictions for battery on a law enforcement officer and resisting arrest with violence but we reverse Williams' conviction for loitering and prowling. In addition, we strike certain costs, probation conditions and restitution.
The testimony in this case showed that Officer Kercher was parked in his police cruiser with the overhead lights on at about 12:30 a.m. The officer saw a man look around the corner of a nearby house and leave after seeing the police car. Kercher admitted that it was not unusual for people in the area to be curious and look when police cars were parked with their overhead lights on. During his testimony, he could not describe *886 why the man's actions reflected anything more than normal curiosity.
Kercher left the police car and walked around the house, looking for the man. On hearing a noise, he found Williams lying on the floor of the screened porch. Kercher ordered Williams to his knees and called for backup. For reasons not apparent from the record, Williams charged into the screen door and engaged in an altercation with Officer Kercher. After Williams was subdued and placed in a police car, the police questioned Mrs. Teague, a resident of the house. She did not identify Williams at the time because she was unable to see who it was. However, Mrs. Teague testified at trial on Williams' behalf. She identified Williams as a frequent visitor, someone she has known for several years who was always welcome to be on her porch.
Section 856.021(1), Florida Statutes (1993), prohibits any person from loitering or prowling in a time, place, or manner not usual for law-abiding individuals, under circumstances that cause a justifiable alarm or concern for the safety of nearby persons or property. In upholding the constitutionality of an earlier version of this statute, the supreme court cautioned that the statute proscribed loitering or prowling only under "circumstances where peace and order are threatened or where the safety of persons or property is jeopardized." State v. Ecker, 311 So.2d 104, 109 (Fla.1975), cert. denied sub nom Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975). An officer must be able to articulate specific facts showing an imminent breach of the peace or threat to public safety. 311 So.2d at 109. Because we conclude the officer's testimony in this case failed to establish an imminent threat to public safety or an immediate cause for alarm, we conclude that the evidence was insufficient on the loitering and prowling charge.
Had Officer Kercher articulated more facts showing an imminent breach of the peace or threat to public safety, we would still be inclined to reverse. Mrs. Teague, the only person to have cause for alarm for her safety or property, testified at trial that Williams was lawfully on the premises. Officer Kercher may have had a reasonable suspicion to detain Williams, or even probable cause to arrest; however, there was not proof beyond a reasonable doubt to support a conviction. See D.A. v. State, 471 So.2d 147, 153 (Fla.3d DCA 1985) (explaining that conviction cannot be sustained unless it has been "shown beyond a reasonable doubt that the defendant's conduct warranted ... a much greater degree of alarm or concern than would justify only a temporary detention or arrest"). Because the evidence was insufficient and because Williams was lawfully present on the screen porch, we reverse the conviction for loitering and prowling.
As to sentencing, we modify condition six regarding employment to add the language "to the best of your ability." See Brown v. State, 613 So.2d 558 (Fla.2d DCA 1993). We strike the portion of condition eight requiring Williams to pay for random testing. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). We affirm the remaining conditions of probation. See State v. Hart, 668 So.2d 589 (Fla.1996).
Williams also argues, and the State concedes, that the trial court erred by imposing restitution without holding a hearing. See Newman v. State, 575 So.2d 724 (Fla. 2d DCA 1991). We strike the award of restitution for this reason. We also strike the $2 discretionary cost imposed pursuant to section 943.25(13) because it was not announced at sentencing. We strike the $1245 fine because it was imposed without citation to statutory authority. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
Conviction for loitering and prowling reversed; probation conditions modified; cost, fine and restitution struck; affirmed in all other respects.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.