496 So.2d 126 (1986)
Fred Lewis WAY, Appellant,
v.
STATE of Florida, Appellee.
No. 64931.
Supreme Court of Florida.
September 18, 1986.
Rehearing Denied November 14, 1986.
*127 Simson Unterberger, Tampa, for appellant.
Jim Smith, Atty. Gen., and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
ADKINS, Justice.
We have for review a judgment of conviction for first-degree murder and sentence of death. We have jurisdiction under article V, section 3(b)(1), Florida Constitution.
On July 11, 1983, a fire occurred in the garage of a home occupied by appellant, Fred Lewis Way, and his family. Passersby observed under the partially opened garage door a figure, engulfed in flames, moving about and finally collapsing. Efforts to enter the garage area proved futile after appellant, who was standing nearby, denied having knowledge or possession of a key to a locked side door.
After the fire was extinguished, the bodies of appellant's wife and daughter were discovered in the garage. Autopsies revealed that both victims had suffered blunt trauma wounds to their heads and burns over one hundred percent of their bodies, either of which could have caused their deaths. The fire was subsequently classified as arson and gasoline was identified as the primary accelerant.
Appellant was arrested and indicted for first-degree arson, first-degree murder for the death of his wife and first-degree murder for the death of his daughter. The jury found appellant guilty of first-degree arson, second-degree murder for the death of his wife and first-degree murder for the death of his daughter. The trial court imposed a thirty-year sentence for first-degree arson, ninety-nine years for second-degree murder and, pursuant to the jury's recommendation, death for first-degree murder. This appeal followed.
Appellant raises two points challenging his conviction for first-degree murder. First, appellant contends that the trial court erred in denying him the opportunity to present the testimony of a clinical psychologist as an expert witness on his behalf. Appellant argues that the psychologist's testimony would have revealed that appellant has a "toned down personality" and is "low key in nature," and thus explain his outward lack of emotion at the crime scene.
The trial court has broad discretion over the admissibility of expert testimony and its determination will not be disturbed on appeal unless there is a clear showing of error. Johnson v. State, 393 So.2d 1069, 1072 (Fla. 1980), cert. denied, 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981). We have said that:
[E]xpert testimony should be excluded where the facts testified to are of such a nature as not to require any special knowledge or experience in order for the jury to form conclusions from the facts.
Id. We do not believe that the observed emotional reactions of a human being presented in this case are beyond the understanding of the average person. Further, appellant has failed to demonstrate an abuse of discretion by the trial court in excluding the expert testimony. Johnson v. State, 438 So.2d 774 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984).
Appellant's second challenge to his conviction is that the trial court erred in not granting his motion for judgment of acquittal. Appellant contends that the state's evidence against him was entirely circumstantial and that the evidence did not exclude every reasonable hypothesis of innocence. After a thorough examination of the record, however, we are convinced that substantial competent evidence exists to support the jury's determination of guilt. Rose v. State, 425 So.2d 521 (Fla. 1982), *128 cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983).
Appellant next makes attacks on several of the statutory aggravating circumstances found by the trial court in support of his death sentence. The circumstances challenged by appellant are that he knowingly created a great risk of death to many persons, section 921.141(5)(c), Florida Statutes (1983); that the capital felony was committed while appellant was engaged in the crime of arson, section 921.141(5)(d); that the capital felony was especially heinous, atrocious or cruel, section 921.141(5)(h); and that the capital felony was committed in a cold, calculated and premeditated manner without any pretense of moral or legal justification, section 921.141(5)(i). We find all of these arguments to be without merit and affirm appellant's sentence on the totality of the circumstances present.
Appellant argues that the evidence does not show he knowingly created a great risk of death to many persons by committing the crime of arson. In King v. State, 390 So.2d 315 (Fla. 1980), cert. denied, 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981), we held that the offense of arson in connection with a capital murder satisfied this statutory aggravating circumstance despite the fact that no one other than the murder victim was in the dwelling. We said:
[W]hen the appellant intentionally set fire to the house, he should have reasonably foreseen that the blaze would pose a great risk to the neighbors, as well as the firefighters and the police who responded to the call.
Id. at 320. See also Welty v. State, 402 So.2d 1159 (Fla. 1981), where this circumstance was found where the defendant set fire to the victim's bed and there were six elderly people asleep in the same building.
In the case before us, at least six persons other than appellant and the victims were in danger from the fire. Appellant's youngest daughter was playing in the house at the time of the fire. Five police and firemen were endangered in their attempt to rescue the victims prior to the arrival of firefighting equipment. Further, there was evidence that numerous combustible materials were present in the garage area. Therefore, we find that appellant knowingly created a great risk of death to many persons.
Appellant next argues that the trial court erroneously found that the capital murder was committed while he was engaged in the crime of arson. In support, appellant avers to the fact that it could not be determined whether the victims died from the blunt trauma wounds or the fire, and that the blows were delivered prior to the fire. We agree with the state that the other committed felony, arson, need not be the cause of death to support this aggravating circumstance. Rather, it is sufficient that the capital murder occur during the same criminal episode as the enumerated felony, which was certainly the case in this instance. Accord Adams v. State, 412 So.2d 850, 854-55 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982) (cause of death was strangulation which occurred during the criminal episode of kidnapping and attempted rape); Scott v. State, 411 So.2d 866, 867 (Fla. 1982) (cause of death was head injuries which occurred during the criminal episode of robbery and/or burglary).
Appellant next argues that the evidence in this case does not support the trial court's finding that the capital murder was especially heinous, atrocious or cruel. His argument principally revolves around the medical examiner's inability to determine the exact cause of death. Therefore, according to appellant, it must be assumed that the victims were totally incapacitated at the time of the fire and that his crime was not "unnecessarily torturous to the victim." State v. Dixon, 283 So.2d 1, 9 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974). We disagree with appellant's view of the evidence and therefore find his argument to be without merit.
*129 The medical examiner's report clearly shows that the victim was still alive at the time of the fire. She was observed by eyewitnesses to be on fire in the garage and struggling to move. Certain witnesses heard screams coming from the garage. It was not unreasonable for the trial court, based on all of the circumstances, to infer that the victim suffered immense mental agony from the time she was first struck until her death during the ensuing fire.
Appellant's final point challenges the trial court's finding that the capital murder was committed in a cold, calculated and premeditated manner without any pretense of moral or legal justification. Appellant argues that in comparison with other cases which have upheld a finding of this aggravating circumstance, the events under review do not evidence a "particularly lengthy, methodic, or involved series of atrocious events or a substantial period of reflection and thought by the perpetrator." Preston v. State, 444 So.2d 939, 946 (Fla. 1984). We disagree. The record before us contains an abundance of competent evidence to support a finding of this aggravating circumstance. Sireci v. State, 399 So.2d 964, 971 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). Here, appellant called the victim into the garage and struck her twice in the head with a blunt instrument. He poured gasoline over her and doused the rest of the garage, setting the area ablaze. Appellant then returned to the house to smoke a cigarette and, after being alerted to the fire by a younger daughter, he impeded subsequent rescue attempts by denying knowledge or possession of a key to a locked garage door. These acts warranted characterization by the trial court as "the highest degree of calculation and premeditation."
We affirm all of appellant's convictions and sentences including the sentence of death.
It is so ordered.
BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, C.J., dissents.