REVISED ON REMAND FROM UNITED STATES SUPREME COURT
PER CURIAM.
Robert Henry appeals his convictions of first-degree murder and the resultant death sentences as well as the two concurrent terms of life imprisonment for armed robbery with a deadly weapon and arson. We have jurisdiction.' Art. V, § 3(b)(1), Fla. Const. We affirm the convictions and sentences.
Around 9:30 p.m. on November 1, 1987 fire fighters and police officers responded to a fire at a fabric store in Deerfield Beach. Inside they found two of the store’s employees, Phyllis Harris, tied up in the men’s restroom, and Janet Thermidor, on the floor of the women’s restroom. Each had been hit in the head with a hammer and set on fire. Harris was dead when found. Although suffering from a head wound and burns over more than ninety percent of her body, Thermidor was conscious. After being taken to a local hospital, she told a police officer that Henry, the store’s maintenance man, had entered the office, hit her in the head, and stolen the store’s money. Henry then left the office, but returned, threw a liquid on her, and set her on fire. Thermidor said she ran to the restroom in an effort to extinguish the fire. She died the following morning.
Based on Thermidor’s statement, the police began looking for Henry and found him shortly before 7:00 a.m. on November 3, at which time they arrested him. Henry initially claimed that three unknown men robbed the store and abducted him, but later made statements incriminating himself. A grand jury indicted Henry for two counts of first-degree murder, armed robbery, and arson. The jury convicted him as charged and recommended the death sentence for each of the murders, which the trial court imposed.
After being arrested, Henry made a total of six oral and taped statements. In the first two he claimed that unknown robbers forced their way into the store and denied any personal involvement. In the other statements he confessed that he acted *431 alone. Henry, however, made the first statement prior to receiving warnings pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966),[1] and the last after having had counsel appointed for him. The court suppressed the first[2] and last statements, but allowed the state to use the others. Henry now argues that all of his statements should have been suppressed.
While an “unwarned admission must be suppressed, the admissibility of any subsequent statement should turn ... solely on whether it is knowingly and voluntarily made.” Oregon v. Elstad, 470 U.S. 298, 309, 105 S.Ct. 1285, 1293, 84 L.Ed.2d 222 (1985). Several police officers and sheriffs deputies testified at the suppression hearing that, after the first statement, Henry received Miranda warnings prior to making his other statements, that they did not coerce those statements, and that Henry asked the officers to come talk with him again on November 4 and 5. The trial court found that all but the first and last statements could be admitted because Henry made them after knowingly and voluntarily waiving his right to remain silent.
A trial court’s ruling on a motion to suppress is presumed correct. Medina v. State, 466 So.2d 1046 (Fla.1985). After studying this record, we agree with the trial court’s conclusion that Henry made these statements knowingly and voluntarily. Besides failing to show that the police coerced his statements, Henry has also failed to demonstrate that the delay in his arraignment induced his otherwise voluntary statement made on November 4. Keen v. State, 504 So.2d 396 (Fla.1987). Therefore, we find no merit to this issue.[3]
Henry also moved to suppress Thermi-dor’s statement to the police, claiming that it did not qualify as a dying declaration under subsection 90.804(2)(b), Florida Statutes (1987).[4] After conducting a hearing on the issue, the trial court found that, when she made the statement, Thermidor was lucid, understood her condition, and knew that she would die. Henry now claims that the court erred in denying his motion to suppress.
We disagree. It is not required that the declarant make “express utterances ... that he knew he was going to die, or could not live, or would never recover.” Lester v. State, 37 Fla. 382, 385, 20 So. 232, 233 (1896). Rather, the court should satisfy itself, on the totality of the circumstances, “that the deceased knew and appreciated his condition as being that of an approach to certain and immediate death.” Id., 20 So. at 233. The trial court did this. The sufficiency and propriety of the predicate for a dying declaration is a mixed question of law and fact, and a trial court's determination of the issue will not be disturbed unless clearly erroneous. Teffeteller v. State, 439 So.2d 840 (Fla.1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 754 (1984). Henry has not demonstrated error,[5] and we affirm the trial court’s finding the statement admissible as a dying declaration.
The other issues raised regarding the guilt phase merit little discussion. “Except in cases of fundamental error, an appellate court will not consider an issue unless it was presented to the lower court.” Stein- *432 horst v. State, 412 So.2d 332, 338 (Fla.1982). Therefore, Henry’s arguments on the following issues are not cognizable on appeal because they do not involve fundamental error and were not raised or objected to in the trial court: 1) failure to give an instruction on duress;[6] 2) improper prose-cutorial comments;[7] 3) to preserve first and last argument a defendant must forego putting on a case;[8] 4) improper presentation of victim impact evidence contrary to Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and South Carolina v. Gathers, 490 U.S. 805, 109 5.Ct. 2207, 104 L.Ed.2d 876 (1989);[9] 5) allowing the state to proceed on alternative theories of premeditated and felony murder.[10]
Henry also claims that a discovery violation occurred regarding a fiber analysis. The record shows, however, that the court conducted an inquiry pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), and that the defense received the test results in a timely manner. Moreover, the defense stipulated that it suffered no prejudice on this issue. The claim, therefore, has no merit.
Although the state sought to introduce numerous photographs of the victims and the murder scene, the court carefully limited the admission of photographs to only those relevant to the state witnesses’ testimony. The basic test for admissibility of photographs is relevance. Haliburton v. State, 561 So.2d 248 (1990), cert. denied, — U.S. -, 111 S.Ct. 2910, 115 L.Ed.2d 1073 (1991). The record shows that the probative worth of the photographs admitted in the instant case outweighed any prejudice, and there is no merit to Henry’s argument to the contrary.
Our review of the record discloses competent, substantial evidence to support Henry’s convictions. They are, therefore, affirmed.
The trial court found as aggravating factors that these murders had been committed during the commission of robbery and arson, to avoid or prevent arrest, for pecuniary gain, and in a cold, calculated, and cruel manner and that they were heinous, atrocious, or cruel. The court weighed these aggravators against the statutory mitigating factor that Henry had no prior criminal history and the nonstatutory factor of Henry’s service in the Marine Corps. Finding that the aggravators outweighed the mitigators, the court imposed two death sentences.
Henry raises numerous arguments challenging the death sentences, only some of which merit discussion.[11] In discussing the mitigators he found, the trial judge stated that they had been established “beyond a reasonable doubt.” Henry now ar *433 gues that this language shows that the trial judge applied too stringent a standard in considering the mitigating evidence. We disagree. Instead, the complained-about language appears to reflect only the trial judge’s articulation that more than enough evidence supported the mitigators he found. The judge correctly instructed the jury that mitigating circumstances, unlike aggravating circumstances, do not have to be established beyond a reasonable doubt. We will not assume, as Henry does, that the judge did not follow the instructions he gave to the jury. Therefore, we find no error in the judge’s consideration of the mitigating evidence,[12]
Before Henry entered the courtroom for the penalty phase, the court informed defense counsel and the prosecutor that he had recently attended a circuit judges’ educational program and wanted to talk with them about the penalty instructions. Everyone agreed, however, that the instructions should be discussed in Henry’s presence. Defense counsel then said that Henry also needed to be present because he had subpoenaed witnesses for the penalty phase in spite of Henry’s request that counsel not do so and that Henry had to make a final decision about presenting psychiatric testimony. Counsel also stated that the state had received a copy of the psychiatrist’s report. Henry then entered the courtroom and talked with his counsel off the record. Following that, Henry stated on the record that he had told counsel not to subpoena family members, that if they did not appear to testify he did not want them brought to court, and that he did not want the psychiatrist to testify even though counsel had advised him that all of these persons should be called to testify on his behalf. The court questioned Henry about waiving the presentation of mitigating evidence. Henry persisted in his desire that no such evidence be introduced and made a formal sworn waiver of his right to present evidence at the penalty proceeding.
Henry now argues that a consent judgment to death is not permitted and that, therefore, the presentation of mitigating evidence cannot be waived. We considered and rejected a similar argument in Hamblen v. State, 527 So.2d 800 (Fla.1988). As in Hamblen, the instant trial court carefully and conscientiously considered this case, as evidenced by the finding of two miti-gators in spite of Henry’s refusal to allow presentation of more testimony. Thus, we see no error arising from Henry’s knowing and voluntary waiver, nor do we agree that defense counsel breached the attorney-client privilege or had a conflict of interest.
Henry claims that the trial court also erred in refusing several penalty instructions that he requested. The trial court, however, carefully considered the requested instructions and rejected only those that did not accurately reflect the law or that were adequately set out in the standard jury instructions. Rejection of these instructions has been upheld in other cases,[13] and we find no error in their rejection here.
Contrary to Henry’s argument, we also find the aggravating factors to have been established beyond a reasonable doubt. The state proved that Henry committed both robbery and arson, thereby supporting the pecuniary gain and felony murder aggravators. Henry disabled both of the victims, one by tying her up and the other by a blow to the head, and could have effected the robbery without killing them. The victims knew Henry, however, and, even though one survived long enough to identify him, the evidence supports finding that Henry intended to eliminate these witnesses to prevent arrest. Cf. Correll v. State, 523 So.2d 562 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988); Hooper v. State, 476 So.2d 1253 (Fla.1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1501, 89 L.Ed.2d 901 (1986). The evidence also supports finding the murders to have been cold, calculated, and premeditated and heinous, atrocious, or cruel. *434 Henry lured Harris into the restroom and persuaded her to let him tie her up and blindfold her under the guise of protecting her from the robbers. After hitting Ther-midor in the head and stealing the money, he left, but then returned with a liquid accelerant which he poured on her and lit while she begged him not to. Only, after setting Thermidor on fire did he return to Harris and do the same to her. Cf. Way v. State, 496 So.2d 126 (Fla.1986); Hooper. We therefore affirm Henry’s two death sentences.
In Henry v. Florida, — U.S. -, 112 S.Ct. 3021, 120 L.Ed.2d 893 (1992), the United States Supreme Court vacated the judgment against Henry and remanded for our reconsideration in light of Espinosa v. Florida, — U.S. -, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), which declared inadequate our former instruction on the heinous, atrocious, or cruel aggravator. Henry, however, requested, and his trial court gave, an expanded instruction defining the terms of and limiting the applicability of this aggravator. Thus, the instruction given to Henry’s jury was not unconstitutionally vague, and we reaffirm his death sentences.
We also affirm the two life sentences for arson and robbery. Henry argues that the trial court erred in departing from the recommended guidelines sentences of seven to nine years. First-degree murder convictions, however, are not score-able under the guidelines and constitute valid reasons for departure from a recommended sentence. Nixon v. State, 572 So.2d 1336 (Fla.1990), cert. denied, — U.S. -, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991); Rutherford v. State, 545 So.2d 853 (Fla.), cert. denied, 493 U.S. 945, 110 S.Ct. 353, 107 L.Ed.2d 341 (1989); Hansbrough v. State, 509 So.2d 1081 (Fla.1987).
It is so ordered.
OVerton, McDonald, shaw, GRIMES and KOGAN, JJ., concur.
BARKETT, C.J., concurs specially with an opinion.
HARDING, J., did not participate in this case.

. Police officers testified at the suppression hearing that they did not warn Henry immediately because they wanted information about the robbery and that no one told him the victims were dead or questioned him about the murders until after he had received the proper warning.

. At the suppression hearing the state agreed that the first, unwarned, statement should be suppressed.

. Henry did not preserve his claim that his statement to a jail nurse should have been suppressed because he did not raise that issue in the trial court. Tillman v. State, 471 So.2d 32 (1985). The same is true of his claim that he invoked his right to remain silent. In addition to the record’s failure to support this claim, Henry did not raise it at trial.

. This statute provides that statements made under the declarant’s belief of impending death are admissible as hearsay exceptions.

. We also find no error in the trial court’s allowing testimony by experts who had not actually treated the victim, and there is no merit to the false testimony claim.

. The contemporaneous objection rule applies to failure to request instructions. E.g., Roman v. State, 475 So.2d 1228 (Fla.1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986). Moreover, duress is not a defense to intentional homicide because "duress will never justify the killing of an innocent third party.” Wright v. State, 402 So.2d 493, 498 (Fla. 3d DCA1981).

. State v. Jones, 204 So.2d 515 (Fla.1967), applied the contemporaneous objection rule to prosecutorial comments.

. Besides failing for not being made before the trial court, this issue has been decided adversely to Henry’s position. Preston v. State, 260 So.2d 501 (Fla.1972).

. Preservation of this issue requires an objection. E.g., Grossman v. State, 525 So.2d 833 (Fla.1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989).

.In addition to the failure to preserve this issue, it has no merit. Eg., Young v. State, 579 So.2d 721 (Fla.1991), cert. denied, — U.S. -, 112 S.Ct. 1198, 117 L.Ed.2d 438 (1992).

.The arguments as to constitutionality of the death penalty statute have been rejected previously. E.g., Young; Sochor v. State, 580 So.2d 595 (Fla.1991), vacated on other grounds, — U.S. -, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); Van Poyck v. State, 564 So.2d 1066 (Fla.1990), cert. denied, — U.S. -, 111 S.Ct. 1339, 113 L.Ed.2d 270 (1991). The same is true of the arguments regarding the constitutionality of the aggravating factors. E.g., Young; Robinson v. State, 574 So.2d 108 (Fla.), cert. denied, — U.S. -, 112 S.Ct. 131, 116 L.Ed.2d 99 (1991). We have previously held that presentence investigative reports do not violate the confrontation clause, jB.g., Young; Engle v. State, 438 So.2d 803 (Fla.1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984).

. Henry filed a copy of Campbell v. State, 571 So.2d 415 (Fla.1990), as supplemental authority. Campbell does not affect the instant case. Gilliam v. State, 582 So.2d 610 (Fla.1991).

. E.g., Sochor; Robinson; Mendyk v. State, 545 So.2d 846 (Fla.), cert. denied, 493 U.S. 984, 110 S.Ct. 520, 107 L.Ed.2d 521 (1989).