630 So.2d 177 (1993)
Fred Lewis WAY, Appellant,
v.
STATE of Florida, Appellee.
No. 78640.
Supreme Court of Florida.
December 23, 1993.
Rehearing Denied February 9, 1994.
*178 James Marion Moorman, Public Defender and Steven L. Bolotin, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Robert J. Krauss and Peggy A. Quince, Asst. Attys. Gen., Tampa, for appellee.
PER CURIAM.
Fred Lewis Way appeals his sentence of death imposed after a resentencing proceeding. He also appeals the summary denial of his second motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution.
Way was charged with murdering his wife and daughter in the garage of their home. At the original trial, the State contended that Way beat both women in the head with a hammer, poured gasoline on them, and set them on fire. Way was convicted of the first-degree murder of his daughter, the second-degree murder of his wife, and arson. He was sentenced to death for his daughter's murder. This Court affirmed the convictions and sentence on direct appeal. Way v. State, 496 So.2d 126 (Fla. 1986).
Subsequently, Way filed a motion for postconviction relief which was denied after an evidentiary hearing. Way appealed the denial to this Court and also filed a petition for a writ of habeas corpus. The Court affirmed the denial of the motion for postconviction relief but granted habeas relief based on Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). We vacated Way's death sentence and ordered resentencing before a new jury. Way v. Dugger, 568 So.2d 1263 (Fla. 1990).
At the resentencing proceeding, the jury again recommended death by a vote of seven to five. The trial court followed the jury's recommendation and sentenced Way to death. Way now appeals his death sentence. He also appeals the summary denial of his second motion for postconviction relief. The proceedings in both cases were consolidated for purposes of review in this Court.
Way's motion for postconviction relief is based on facts which he alleges were unknown to him or his attorney and which could not be discovered by reasonable diligence. Fla.R.Crim.P. 3.850(b)(1). According to Way, certain photographs relating to the arson investigation undertaken by the State provide evidence that his wife and daughter were killed in an accidental propane gas explosion rather than, as the State has argued throughout, in a gasoline fire intentionally started by Way. Way contends that the photographs show an electrical breaker box in the garage, with four or five tripped circuits, in close proximity to a propane gas tank. His theory, which he supports with an affidavit of an arson investigator, is that the circuit breakers tripped because of an electrical malfunction, thereby causing a spark that ignited the propane gas. Way contends that the photographs were in the State's possession before trial but were never disclosed to the defense and that no other photographs showed the tripped circuit breakers. While arguing against the motion, the state attorney who had tried the case contended that the disputed photographs had been made available to the defense. The circuit court denied relief without an evidentiary hearing, finding that the record conclusively refuted Way's claim.
On appeal, Way argues that an evidentiary hearing is warranted to clear up disputed issues of fact surrounding the photographs and to allow Way to try to substantiate his claims. We agree. There has been no evidentiary determination of whether there was an improper withholding of the photographs and whether, even if there was, it would have affected the outcome of Way's trial. We are unable to conclusively determine from the record that this "new" evidence could not support an alternative theory of the deaths of *179 his wife and daughter and provide a basis on which a jury could find him innocent.
Accordingly, we reverse the summary denial of the motion for postconviction relief and remand to the circuit court for an evidentiary hearing on Way's allegations. We ask the parties promptly to advise this Court of the outcome of the evidentiary hearing because we have determined to withhold ruling on Way's direct appeal from resentencing until that time.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.