858 So.2d 1189 (2003)
STATE of Florida, Appellant/Cross-Appellee,
v.
Tony BULLARD, Appellee/Cross-Appellant.
No. 2D00-2285.
District Court of Appeal of Florida, Second District.
November 7, 2003.
*1190 Charles J. Crist, Jr., Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant/Cross-Appellee.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellee/Cross-Appellant.
KELLY, Judge.
The State of Florida appeals from an order granting Tony Bullard a new trial *1191 based on an alleged Brady[1] violation. Bullard cross-appeals because the trial court granted a new trial on fewer than all counts and because it ordered a new trial on a count to which Bullard had previously entered a plea. We reverse because the trial court erroneously concluded that the State had withheld exculpatory evidence that was material to the defense and because it granted a new trial on a count to which Bullard had entered a plea.
The State charged Bullard with battery on a law enforcement officer, resisting an officer with violence, possession of cocaine, possession of marijuana, and possession of paraphernalia. A jury found Bullard guilty on each charge except battery on a law enforcement officer. The jury failed to reach a verdict on that count. After trial, the State amended the information to charge Bullard with misdemeanor battery rather than battery on a law enforcement officer in exchange for Bullard's agreement to enter a plea of no contest to that charge.
Bullard moved for a new trial on the remaining charges. In that motion, Bullard informed the trial court that Deputy Broome, the State's primary witness, had been suspended for three days by the Pinellas County sheriff's office after an Internal Affairs investigation found that he had made false statements to a member of the public regarding salary issues in the sheriff's office. The motion alleged that the suspension was effective January 25, 2000, and that Bullard's trial commenced on February 1, 2000. Bullard argued that Internal Affairs investigations are relevant and admissible impeachment evidence and that the undisclosed information was Brady material. The trial court agreed and ordered a new trial.
To establish a Brady violation, the defense must establish that (1) the State possessed evidence favorable to the defendant because it was either exculpatory or impeaching; (2) the State willfully or inadvertently suppressed the evidence; and (3) the defendant was prejudiced. Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). To satisfy the prejudice element of Brady, a defendant must show that the evidence was material. Way v. State, 630 So.2d 177, 178 (Fla.1993). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). "A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. Stated differently, the element of prejudice is measured by determining whether "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles v. Whitley, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).
After reviewing the record, we conclude that there is no reasonable probability that the evidence regarding Deputy Broome would have changed the outcome of Bullard's trial because the evidence would not have been admissible and, therefore, is not material. Bullard argues that the evidence would have been admissible to impeach Deputy Broome by demonstrating bias or that he had a motive to testify as he did. While a defendant in a criminal case has a right to cross-examine a prosecution witness to show bias or motive to be untruthful, that right has limits. Courts have allowed cross-examination on Internal Affairs investigations where the investigation arose from the same incident as the defendant's criminal charges or, if a defendant claims an officer used excessive *1192 force, investigations involving prior incidents of excessive force, but they have refused to allow such evidence when the investigation is completely unrelated to the defendant's case. See, e.g., Breedlove v. State, 580 So.2d 605, 608 (Fla.1991) (stating that in order to impeach a state witness with evidence that the witness is under criminal investigation, the investigation "must not be too remote in time and must be related to the case at hand to be relevant."). The investigation that resulted in Deputy Broome's suspension did not arise from the same incident as Bullard's criminal charges and it did not involve the use of excessive force. Because it was completely unrelated to Bullard's case, it would not have been admissible. Accordingly, Bullard failed to establish the materiality element of a Brady violation and the trial court abused its discretion in ordering a new trial.
Our conclusion that the trial court abused its discretion in ordering a new trial makes it unnecessary for us to reach the issues Bullard raises in his cross-appeal, although we note that the trial court should not have ordered a new trial on the count for battery on a law enforcement officer because Bullard had already entered a plea on that charge.
Accordingly, we reverse the order granting a new trial and remand with instructions for the trial court to enter judgments on the jury's verdicts.
Reversed and remanded.
SALCINES and STRINGER,[2] JJ., Concur.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[2] Judge Stringer has been substituted for Judge Parker, who was on the original Bullard panel.