PER CURIAM.
Anthony Farina, Jr., seeks review of a trial court order that dismissed his motion for a new trial based on newly discovered evidence alleging potential juror misconduct in the guilt phase of his trial. This Court has jurisdiction because Farina’s *455 death sentence was vacated and remanded for farther proceedings, but his murder conviction remains. See State v. Fourth Dist. Ct. of Appeal, 697 So.2d 70, 71 (Fla.1997) (explaining that this Court has “exclusive jurisdiction to review all types of collateral proceedings ' in death penalty cases” and that “[tjhis includes cases in which this Court has vacated a death sentence and remanded for further penalty proceedings”) (emphasis added). Additionally, wé treat his petition filed under Florida Rule of Appellate Procedure 9.142(c) as an appeal from a final order, because -the trial court dismissed his motion alleging newly discovered evidence.[1] We conclude that the trial court erred in summarily dismissing Farina’s motion as premature.
,In 1992, Farina was convicted of first-degree murder and six . other offenses stemming from a robbery of a Taco Bell. He was sentenced to death for the murder and to six consecutive life sentences for armed robbery, burglary, conspiracy to commit murder, and three counts of attempted first-degree murder. We affirmed all of' Farina’s convictions and all six non-capital sentences, but vacated his death sentence and remanded for á new penalty phase. Farina v. State, 679 Sb.2d 1151, 1152-53 (Fla.1996). After the new-penalty phase, he was sentenced again to death and we affirmed his death sentence. Farina v. State, 801 So.2d 44, 48 (Fla.2001). Later, we affirmed the denial of his initial motion for postconviction relief and denied his habeas petition before this Court, Farina v. State, 937 So.2d 612, 616 (Fla.2006), as well as the denial of his first successive motion for postconviction relief, Farina v. State, 992 So.2d 819, (Fla.2008) (table decision).
Subsequently, Farina filed a federal ha-beas petition, which was denied by the federal district court. See Farina v. Sec’y, Dep’t. of Corr., No. 6:06-cv-1768-Orl-36GJK, 2012 WL 1016723 (M.D.Fla., Mar. 26,2012). On appeal, the Eleventh Circuit Court of Appeals' granted habeas relief, set aside Farina’s death sentence, and remanded the case to the trial court for a new penalty phase, based on the court’s conclusion that the “prosecutor’s injection of religious authority into[1] a capital sentencing proceeding ... ’ diminished- the jury’s sense of responsibility in a way that undermined the reliability of its death recommendation!;,]” and that appellate counsel was ineffective for failing to raise the issue on appeal. Farina v. Sec’y, Fla. Dep’t. of Corr., 536 Fed.Appx. 966, 968-70 (11th Cir.2013), cert. denied, — U.S. —, 135 S.Ct. 475, 190 L.Ed.2d 381 (2014).[2]
After Farina’s death sentence was vacated by the Eleventh Circuit, but prior to the commencement of the new penalty phase, on May 11, 2015, Farina filed a motion based on newly discovered evidence. His motion alleged that, based on an anonymous letter his counsel received on May 12, 2014, his counsel recently discovered evidence that demonstrated two of the jurors in Farina’s original trial in 1992 were biased because they allegedly had a relationship with the elected State .Attorney, who personally prosecuted Farina at his initial trial.
.The trial court did .not order a response from the State or hold a case management conference, but instead concluded that the motion was premature because Farina was *456 awaiting resentencing, and therefore found that his “conviction is not final for purposes of filing a successive postcónviction motion.”
We disagree that the motion should have been dismissed as premature. While motions for collateral relief .under Florida Rule of Criminal Procedure 3.851 generally apply to “postconviction proceedings that commence upon issuance of the appellate mandate affirming the death sentence,” litigants filing newly discovered evidence claims are held to strict time limits, or otherwise must demonstrate that they could not have known about the evidence at the time of trial by the exercise of due diligence. See Long v. State, 183 So.3d 342, 345 (Fla.2016); Glock v. Moore, 776 So.2d 243, 251 (Fla.2001) (declaring that newly discovered evidence claims in death penalty cases must be brought within one year after the “evidence was discovered or could have been discovered through the exercise of due diligence”). As we explained in Jones v. State, 709 So.2d 512 (Fla.1998), newly discovered evidence claims must meet two prongs:
First, in order to be considered newly discovered, the evidence “must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by use of diligence.” Torres-Arboleda v. Dugger, 636 So.2d 1321, 1324-25 (Fla.1994).
Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. Jones [v. State], 591 So.2d 911, 915 [ (Fla.1991) ].
Jones, 709 So.2d at 521.
This Court has previously recognized the appropriateness of adjudicating motions based on newly discovered evidence filed after the conviction was final but “[pjrior to the resentencing proceeding.” Way v. State (Way IV), 760 So.2d 903, 907-08 (Fla.2000). In Way v. Dugger (Way II), 568 So.2d 1263, 1267 (Fla.1990), this Court upheld defendant Way’s murder convictions but vacated his death sentence and remanded to the.trial court for resen-tencing, Prior to the resentencing proceeding, Way filed an emergency motion under Florida Rule of Criminal Procedure 3.850 in the trial court, alleging he had obtained newly discovered evidence- that he claimed was withheld by the State. Way IV, 760 So.2d at 907. The trial court summarily denied relief on the rule 3.850 motion and proceeded with the resentenc-ing. Id. After Way was resentenced to death, he appealed the trial court’s summary denial of his 3.850 motion. Id. at 908. We reversed the summary denial, stayed Way’s direct appeal in this Court, and remanded to the circuit court for an evidentiary hearing. Way v. State, 630 So.2d 177, 179 (Fla.1993).
We make clear what was not explicitly stated in Way: motions for a new trial based on newly discovered evidence should not be delayed until after the death sentence is final, but instead, should be brought as soon as possible after the discovery of the new evidence. Indeed, our prior pronouncement in Glock that newly discovered evidence claims in death penalty cases “must be brought within one year of the date such evidence was discovered or could have been discovered through the exercise of due diligence” is consistent with this result. 776 So.2d at 251. Farina’s motion was filed exactly 364 days after counsel discovered the new evidence. If Farina had waited until after the conclusion of his resentencing proceedings, he risked -that his motion alleging newly discovered evidence would be denied as untimely. See id. at 250-51; see also Jones, 709 So.2d at 521.
*457 While the purpose of rule 3.851 is to bring orderly structure to motions for collateral relief, review of newly discovered evidence claims that could result in a new trial should not be postponed until after resentencing or the appeal of the sentence.[3] Certainly, if a defendant awaiting resentencing sought to present evidence through a motion based on newly discovered evidence that another witness admitted to the crime for which the defendant was convicted, that motion should not await resentencing.
This case exemplifies why. Over two decades have, already passed since the original trial. One of the potential witnesses related to Farina’s claim is now deceased. If Farina, as the trial court ruled, were to wait to refile his motion alleging newly discovered evidence. after his sentence becomes final, there is a real possibility that other potential witnesses who might have knowledge .related to his newly discovered evidence claim will have died or their memories will have faded. Perhaps equally as important, if the allegations in the motion for a new trial based on newly discovered evidence are rejected on the merits, then any potential taint surrounding the original conviction is. removed. For all of these reasons, motions alleging newly discovered evidence should be heard and addressed at the earliest possible opportunity.
The trial court in this case should not have dismissed as premature Farina’s motion based on newly discovered evidence, but should have, instead, proceeded to address the motion on,-the merits. Accordingly, we reverse and remand to the trial court to reinstate Farina’s motion alleging newly discovered evidence and address the motion on its merits.[4]
It is so ordered.
LABARGA, C.J., and PARIENTE, QUINCE, and PERRY, JJ., concur.
LEWIS, J., concurs in result.
CANADY, J.,-dissents with an opinion, in which POLSTON, J., concurs.

. Florida Rule- of Appellate - Procedure 9.142(c) applies to .proceedings that -invoke this Court’s jurisdiction to review nonfinal orders issued in postconviction proceedings.

. Although Farina’s death sentence has been vacated, his six life sentences- for the noncapi-tal offenses remain undisturbed.

, To the extent that rale 3.851 might conflict with the due diligence prong of newly discovered evidence, a clarifying amendment to that rule may be necessary.

. In reversing and remanding, we express no view on the merits of Farina's newly discovered evidence claims.